Daniel S. Reynolds, OSB No. 154079
Email: dreynolds@sglaw.com
Garrett T. Urrutia, OSB No. 213336
Email: gurrutia@sglaw.com
Saalfeld Griggs PC
P.O. Box 470
Salem, OR  97308–0470
Phone: (503) 399-1070
Fax: (503) 371-2927
*Of Attorneys for Defendant On1, Inc.*

Neil Joseph McNabnay, Texas State Bar No. 24002583
Email: mcnabnay@fr.com
Ricardo J. Bonilla, Texas State Bar No. 24082704
rbonilla@fr.com
Michael Alden Vincent, Texas State Bar No. 24105738
Email: vincent@fr.com
Sarika Naresh Patel, Texas Bar State No. 24073520
Email: patel@fr.com
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Phone: (214) 747-5070
*Of Attorneys for Defendant On1, Inc.*
*(Pro Hac Vice Applications Forthcoming)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROTHSCHILD PATENT IMAGING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ON1, INC.,<br><br>Defendant. | CASE NO. 3:22-CV-01212-MO<br><br>DEFENDANT ON1, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT |

## ON1, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

PAGE 1 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

Defendant onOne Software, Inc. doing business as ON1, Inc. ("ON1" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Rothschild Patent Imaging LLC ("Plaintiff" or "RPI") Complaint for Patent Infringement ("Complaint"). ON1 denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## PARTIES AND JURISDICTION

1. ON1 admits that the Complaint purports to set forth an action for infringement under Title 35 of the United States Code seeking injunctive relieve as well as damages. ON1 denies it has committed or is committing acts of infringement.

2. ON1 admits that Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) because plaintiff has filed a civil action for patent infringement. ON1 denies that it has committed or is committing acts of infringement.

3. ON1 is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. ON1 admits that onOne Software, Inc. is an Oregon corporation doing business under the assumed business name of ON1, Inc., with a place of business at 15333 SW Sequoia Pkwy, Ste. 150, Portland, OR 97224 and that it can be served through its registered agent.

5. ON1 does not contest that the Court has personal jurisdiction over it in this case. ON1 admits that it conducts business in the State of Oregon. ON1 denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the

---

[1] For avoidance of doubt, ON1 denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

remaining allegations of Paragraph 5 of the Complaint.

6. ON1 admits that it conducts business in this District. ON1 denies the remaining allegations in Paragraph 6 of the Complaint.

## VENUE

7. ON1 does not contest that venue is proper in this case. ON1 denies the remaining allegations in Paragraph 7 of the Complaint.

## COUNT I

### ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 8,437,797)

8. ON1's responses to Paragraphs 1–7 are incorporated as though fully set forth herein.

9. ON1 admits that the Complaint purports to set forth an action for infringement under 35 U.S.C. § 271. ON1 denies it has committed or is committing acts of infringement.

10. ON1 is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. ON1 admits that a purported copy of U.S. Patent No. 8,437,797 (the "'797 Patent") is attached to the Complaint as Exhibit A.

12. ON1 denies the allegations in Paragraph 12 of the Complaint.

13. ON1 denies the allegations in Paragraph 13 of the Complaint.

14. ON1 denies the allegations in Paragraph 14 of the Complaint.

15. ON1 denies the allegations in Paragraph 15 of the Complaint.

16. ON1 denies the allegations in Paragraph 16 of the Complaint.

17. ON1 denies the allegations in Paragraph 17 of the Complaint.

18. ON1 denies the allegations in Paragraph 18 of the Complaint.

19. ON1 denies the allegations in Paragraph 19 of the Complaint.

20. ON1 denies the allegations in Paragraph 20 of the Complaint.

21. ON1 denies the allegations in Paragraph 21 of the Complaint.

22. ON1 is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] JURY DEMAND

23. Paragraph 23 does not require a response. To the extent a response is required, ON1 denies all allegations in Paragraph 23 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

ON1 denies the Plaintiff is entitled to any relief from ON1 and denies the allegations contained in Paragraphs (a)-(e) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

ON1's Affirmative Defenses are listed below. ON1 reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

ON1 has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '797 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '797 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

/ / /

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '797 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that ON1's actions allegedly infringe the '797 Patent, ON1 is not liable to Plaintiff for the acts alleged to have been performed before ON1 received actual notice that it was allegedly infringing the '797 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that ON1 indirectly infringes, either by contributory infringement or inducement of infringement, ON1 is not liable to Plaintiff for the acts alleged to have been performed before ON1 knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the '797 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by ON1.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '797 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process

practiced by ON1 infringes the '797 Patent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '797 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## TWELFTH AFFIRMATIVE DEFENSE

Should ON1 be found to infringe any valid, enforceable claim of the '797 Patent, such infringement was not willful.

## ON1'S COUNTERCLAIMS

For its counterclaims against Plaintiff Rothschild Patent Imaging LLC ("RPI"), Counterclaim Plaintiff ON1, Inc. ("ON1"), alleges as follows:

## PARTIES

1.     Counterclaim Plaintiff ON1 is an entity organized and existing under the laws of Oregon that maintains a place of business at 15333 SW Sequoia Pkw, Ste 150, Portland OR 97224.

2.      Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Rothschild Patent Imaging LLC is a limited liability company organized and existing under the laws of Texas that maintains a place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33301.

## JURISDICTION

3.      ON1 incorporates by reference Paragraphs 1–2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      RPI has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      Based solely on RPI's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

7.      ON1 incorporates by reference Paragraphs 1–6 above.

8.      Based on RPI's filing of this action and at least ON1's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether ON1 infringes U.S. Patent No. 8,437,797 (the "'797 Patent").

9.      ON1 does not infringe at least Claim 16 of the '797 Patent because, *inter alia*, the accused system does not perform the steps of receiving a plurality of photographic images; filtering the plurality of photographic images using a transfer criteria; or transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images,

wherein the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an affinity group associated with the second mobile device.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ON1 requests a declaration by the Court that ON1 has not infringed and does not infringe any claim of the '797 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11. ON1 incorporates by reference Paragraphs 1–10 above.

12. Based on RPI's filing of this action and at least ON1's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '797 Patent.

13. The earliest application to which the asserted '797 Patent claims priority was filed on August 8, 2008.

14. U.S. Patent No. 7,369,164 to Parulski, et al. ("Parulski") issued from U.S. Pat. App. No. 10/411,753, which was filed on April 11, 2003.

15. Parulski is prior art to the asserted '797 Patent.

16. Parulski does not appear in the file history of the application from which the '797 Patent issued.

17. Claim 16 of the asserted '797 Patent begins with a preamble that reads "A method performed by an image-capturing mobile device, comprising."

18. Parulski's Abstract states, among other things, "A method for capturing images

using a digital camera and organizing the captured images for storage into electronic albums, . . . ."

19. Claim 16 of the asserted '797 Patent requires, among other things, "receiving a plurality of photographic images."

20. Parulski, at 7:20–21, states that the "digital camera 300 produces digital images that are stored on the removable memory card 330."

21. Claim 16 of the asserted '797 Patent requires, among other things, "filtering the plurality of photographic images using a transfer criteria."

22. Parulski, at 8:51–53, states that a "user can press the 'favorite' button 364 to tag the displayed image as a favorite image." Parulski, at 12:29–35, states that "after the user presses the 'favorite' button 364, the image processor 320 in the digital camera 300 updates the GUI screen displayed on the color LCD display 332 to be as shown in FIG. 7B. The GUI screen 500B in FIG. 7B includes a 'favorite' indicator 506B, for example, the heart shaped icon shown in FIG. 7B." Parulski's FIG. 7B is shown below.



FIG. 7B

23. Claim 16 of the asserted '797 Patent requires, among other things, "transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images."

24.  Parulski, at 8:59–61, states that "the interface between the digital camera 300 and the home computer 10 can be a wireless interface." Parulski, at 14:37–38, states that "FIG. 9A depicts an example of a computer user interface screen for displaying all of the transferred images." Parulski's FIG. 9A is shown below.



FIG. 9A

25.  Claim 16 of the asserted '797 Patent requires, among other things, that "the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an affinity group associated with the second mobile device."

26.  Parulski, at 23:24–27, discloses "a 'Share Photos' icon 1236 that can be used to enable another GUI screen (not shown) to allow images in a selected album to be shared with one

or more designees of the user, . . . ."

27.     Parulski anticipates and/or renders obvious the claims of the '797 Patent under Plaintiff's interpretation of the claims.

28.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ON1 requests a declaration by the Court that the claims of the '797 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, ON1 asks this Court to enter judgment in ON1's favor and against RPI by granting the following relief:

a)     a declaration that the '797 Patent is invalid;

b)     a declaration that ON1 does not infringe, under any theory, any valid claim of the '797 Patent that may be enforceable;

c)     a declaration that RPI take nothing by its Complaint;

d)     judgment against RPI and in favor of ON1;

e)     dismissal of the Complaint with prejudice;

f)     a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to ON1 of its costs and attorneys' fees incurred in this action; and

g)     further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

## JURY DEMAND

ON1 hereby demands trial by jury on all issues.

DATED this 22nd day of September, 2022.

**SAALFELD GRIGGS PC**

By  /s/ *Daniel S. Reynolds*
    Daniel S. Reynolds, OSB No. 154079
    Email: dreynolds@sglaw.com
    Garrett T. Urrutia, OSB No. 213336
    Email: gurrutia@sglaw.com
    Phone: (503) 399-1070
    Fax: (503) 371-2927
    *Of Attorneys for Defendant On1, Inc.*

**FISH & RICHARDSON PC**

By  /s/ *Neil J. McNabnay*
    Neil J. McNabnay, TX Bar No. 24002583
    Email: mcnabnay@fr.com
    Ricardo Bonilla, TX Bar No. 24082704
    Email: rbonilla@fr.com
    Michael A. Vincent, TX State Bar No. 24105738
    Email: vincent@fr.com
    Sarika N. Patel, TX Bar State No. 24073520
    Email: patel@fr.com
    Phone: (214) 747-5070
    *Of Attorneys for Defendant On1, Inc.*
    *(Pro Hac Vice Applications Forthcoming)*

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2022, I served **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT** on:

Conner G. Spani
Law Office of Conner G. Spani, PLLC
P.O. Box 47162
Seattle, WA 98146
Conner.spani@spanilaw.com

*Of Attorneys for Plaintiff*

☑ by *electronic* means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by *mailing* a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the US Postal Service in Salem, Oregon.

☐ by *faxing* a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above. Attached hereto as *Exhibit 1* is the printed confirmation of receipt of the facsimile message generated by the transmitting machine.

☐ by *emailing* a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

SAALFELD GRIGGS PC

By  */S/ DANIEL S. REYNOLDS*
Daniel S. Reynolds, OSB No. 154079
Email: dreynolds@sglaw.com
Garrett T. Urrutia, OSB No. 213336
Email: gurrutia@sglaw.com
Phone: (503) 399-1070
Fax: (503) 371-2927
*Of Attorneys for Defendant On1, Inc.*

4892-0999-9411, v. 2